UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

JOHN DOE, an individual,

            *Plaintiff,*

v.

JANE DOE, an individual,

            *Defendant.*

Case No.

Hon.

## COMPLAINT

Plaintiff John Doe, by and through counsel, alleges as follows:

### I.    PARTIES

1. Plaintiff John Doe ("Plaintiff" or "John Doe") is a resident of the State of Michigan.

2. Defendant Jane Doe ("Defendant" or "Jane Doe") is a resident of the State of California.

### II.    JURISDICTION AND VENUE

3. Plaintiff John Doe is a resident of the State of Michigan.

4. Defendant Jane Doe is a resident of the State of California.

5. The amount in controversy exceeds $75,000.00.

6. Jurisdiction and venue were proper in this Court, pursuant to 28 USC 1332, based upon diversity jurisdiction.

### III.   FACTUAL ALLEGATIONS

7. Plaintiff and Defendant are half-siblings and have known each other for over forty years.

8. Plaintiff owns a law firm that operates nationwide, with a primary business address in Oakland County, Michigan.

9. In 2024, Defendant was looking for a job.

10. Defendant begged Plaintiff to bring her on within his firm.

11. In November 2024, Plaintiff brought Defendant on as a 1099 contractor to work with his intake team.

12. The parties expanded the contract in January 2025.

13. Defendant sought a $20,000 loan from Plaintiff.

14. Plaintiff provided the $20,000 loan to Defendant, which Defendant was to pay back in weekly payments of $650.

15. On November 3, 2025, Plaintiff terminated the contract with Defendant for cause ceasing the working relationship between the parties.

16. Following the termination of the working relationship between the parties, Defendant advised Plaintiff that she would not be able to repay the remining loan amount of approximately $17,000.00.

17. To date, Defendant has not made a payment on the loan since the termination of the working relationship on November 3, 2025.

18. On November 8, 2025, Defendant called Plaintiff's Former Spouse ("Former Spouse M" or "M") and provided to her that 30 years ago Plaintiff got Defendant drunk and sexually assaulted her.

19. This statement by Defendant is completely false.

20. Plaintiff never sexually assaulted Defendant.

21. Defendant knew the statement was false when she made it to Plaintiff's Former Spouse M.

22. As a result of Defendant's false statement, Plaintiff has suffered damage to reputation, emotional distress, and other injuries.

23. As a direct result of Defendants actions, Plaintiff has been harmed.

## COUNT I – DEFAMATION PER SE

24. Plaintiffs incorporate by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

25. Defendant made a false and defamatory statement concerning Plaintiff.

26. Defendant told Plaintiff's Former Spouse M that Plaintiff had sexually assaulted Defendant approximately 30 years ago, when Defendant was a minor.

27. This statement is completely false.

28. Defendant communicated the false statement to a third party, Former Spouse M.

3

29.     Defendant acted with fault amounting to at least negligence in making the false statement.

30.     Defendant knew the statement was false when she made it.

31.     The false statement is actionable irrespective of special harm because it constitutes defamation per se.

32.     The false statement accuses Plaintiff of committing the crime of sexual assault of a minor, which constitutes defamation per se under Michigan law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendant and in favor of Plaintiff for compensatory damages in amounts to be determined at trial;

(b)     Enter judgment against Defendant and in favor of Plaintiff for exemplary damages in amounts to be determined at trial;

(c)     Enter a permanent injunction prohibiting Defendant from making any further false and defamatory statements about Plaintiff;

(d)     Enter judgment against Defendant and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(e)     Grant such other and further relief as justice requires.

## COUNT II – BREACH OF CONTRACT

33.     Plaintiffs incorporate by reference the facts alleged in each and every

allegation set forth in the preceding paragraphs as if fully set out herein.

34. Plaintiff and Defendant entered into a verbal contract in January 2025.

35. There was a mutually agreed upon consideration to be exchanged between the Parties, each of which had the competency and agency to enter into the subject agreement.

36. There was sufficient consideration for all parties.

37. The parties entered into a verbal agreement in which Plaintiff would provide Defendant with a $20,000.00 loan to be paid back in weekly payments of $650.00.

38. Defendant made weekly payments to Plaintiff until the week of November 3, 2025, at which time payments ceased.

39. There remains an outstanding balance owed to Plaintiff in the amount of approximately $17,000.00.

40. Defendant breached the contract by non-payment.

41. Plaintiff suffered damages as a result of Defendant's breach.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages in amounts to be determined at trial;

(b)     Enter judgment against Defendant and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(c)     Grant such other and further relief as justice requires.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: November 11, 2025         Respectfully Submitted,

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)
RADNER LAW GROUP PLLC
ATTORNEY FOR PLAINTIFF
17515 Nine Mile Road, Suite 1050
Southfield, MI 48075
Telephone: (877) 723-6375
F: 866-571-1020
solomon@radnerlawgroup.com