## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN DOE, an individual, | |
| | Case No. |
| *Plaintiff,* | |
| v. | Hon. |
| JANE DOE, an individual, | |
| *Defendant.* | |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS

NOW COMES, John Doe, by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 10 and this Court's inherent authority to protect the privacy of litigants, and hereby respectfully move this Court for an order permitting both parties to proceed under pseudonyms in this defamation action involving allegations of sexual assault. In support of this Motion, the Plaintiff states as follows:

This case involves a defamation claim arising from allegations of sexual assault.

Due to the highly sensitive and personal nature of the underlying allegations, Plaintiff seeks to anonymize both parties under pseudonyms to protect their privacy interests while allowing the judicial process to proceed.

Plaintiff, as a licensed attorney, recognizes that there is a presumption of open judicial proceedings.

This case presents exceptional circumstances that justify a limited departure from that presumption to protect the parties from unnecessary public exposure of intimate details regarding alleged sexual assault.

Plaintiff has filed this defamation action against Defendant based on statements related to allegations of sexual assault of a minor.

The litigation will necessarily involve detailed discussion of intimate and sensitive matters related to the alleged sexual assault.

Public disclosure of the parties' identities would cause significant harm to both parties regardless of the ultimate outcome of the litigation.

Due to the family relationship between the parties, Plaintiff seeks for both Plaintiff and Defendant to proceed under a pseudonym as identification of one would undeniable lead to the uncovering of the identity of the other party.

While Federal Rule of Civil Procedure 10(a) generally requires that the title of a complaint include the names of all parties, courts have recognized exceptions to this rule in appropriate circumstances. Fed. R. Civ. P. 10.

Federal courts have inherent authority to permit parties to proceed anonymously when special circumstances justify secrecy. Fed. R. Civ. P. 26.

The Eastern District of Michigan has recognized the need for privacy protections in sensitive cases.

"A complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)).

The identification of parties "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008).

However, there are special circumstances that justify not utilizing a party's actual name. *Porter*, 370 F.3d at 560.

These exceptions include:(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.*

In addition to these exceptions, the Court may use its discretion to weigh other relevant considerations particular to a case. *Koe v. Univ. Hosps. Health Sys. Inc.*, No. 22-3952, 2024 U.S. App. LEXIS 5695, 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024).

The key standard the Court must consider is whether "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.*

Federal law recognizes the need to protect the privacy and safety of persons affected by the disclosure of information related to sexual assault. 34 U.S.C. § 12291.

"Courts have held that the use of a pseudonym outweighs any prejudice to a defendant or the public in instances where the plaintiff would be subject to danger or retribution, as well as in matters involving victims of sexual assault, including non-party victims." *John Doe 1-4 v. Snyder*, No. 12-11194, 2012 U.S. Dist. LEXIS 54492, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012).

The public disclosure of the parties' identities in this case would cause substantial harm to both parties by permanently connecting their names to allegations of sexual assault in public records and search results.

Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects. *Doe v. Mich. State Univ.*, No. 1:19-CV-226, 2019 U.S. Dist. LEXIS 252361, 2019 WL 13417783, at *1 (W.D. Mich. Aug. 14, 2019).

Allowing the parties to proceed under pseudonyms will not hinder the adjudication of this case on its merits.

Both parties will have full access to all relevant information through the discovery process.

The public's interest in open judicial proceedings will be substantially preserved, as only the parties' names will be shielded from public disclosure. All court filings and proceedings will otherwise remain accessible to the public.

Plaintiff proposes that the Parties proceed as "John Doe" and "Jane Doe" (or other suitable pseudonyms as the Court may direct) in all public filings.

The parties will file their true identities under seal with the Court to maintain a complete record.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion and enter an order permitting both parties to proceed under pseudonyms in this action.

Dated: November 11, 2025        Respectfully Submitted,

        */s/ Solomon M. Radner*
        Solomon M. Radner (P73653)
        RADNER LAW GROUP PLLC
        ATTORNEY FOR PLAINTIFF
        17515 Nine Mile Road, Suite 1050
        Southfield, MI 48075
        Telephone: (877) 723-6375
        F: 866-571-1020
        solomon@radnerlawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on the 11th day of November 2025, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Solomon Radner*
Solomon Radner, Esq.