UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,   Case No. 25-cv-13580

    Plaintiff,   Hon. F. Kay Behm
v.   United States District Judge

JANE DOE,

    Defendant.
_____/

**OPINION AND ORDER ON PLAINTIFF'S
<u>MOTION TO PROCEED UNDER PSEUDONYMS (ECF No. 2)</u>**

On November 11, 2025, "John Doe" (Plaintiff) filed a complaint against "Jane Doe" (Defendant) alleging defamation per se and breach of contract. On the same day, Plaintiff moved for leave for both parties to proceed under pseudonyms. As explained below, the motion is **DENIED**.

**I.   ANALYSIS**

Plaintiff and Defendant are half-siblings and have known each other for over forty years. Plaintiff owns a law firm that operates nationwide, with a primary business address in Oakland County, Michigan. The relationship between Plaintiff and Defendant deteriorated when Defendant allegedly failed to perform on a contract

1

to work for Plaintiff, and defaulted on a personal loan. A few days after Plaintiff terminated the contract for Defendant to work for Plaintiff, Defendant called Plaintiff's former spouse and told her that 30 years ago Plaintiff got Defendant drunk and sexually assaulted her. Plaintiff says this statement by Defendant is false and defamatory.

Leave to proceed under pseudonyms is discretionary with the court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Generally, there is a presumption of open judicial proceedings in the federal courts; proceeding pseudonymously is the exception rather than the rule. *Id.* Rule 10 of the Federal Rules of Civil Procedure requires that the complaint state the names of all parties. In order to circumvent this requirement, it must be shown that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Porter*, 370 F.3d at 560.

In balancing these considerations, the court may consider, among other factors, (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will

2

compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Porter*, 370 F.3d at 560; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005).

Here, neither of the parties are minors, neither is a government actor, and there is no allegation that disclosure will risk criminal prosecution via an intent to violate the law. Plaintiff says this case rests on the second factor (and additional related considerations) because "[c]ourts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Doe v. Mich. State Univ.*, No. 1:19-cv-226, 2019 U.S. Dist. LEXIS 252361, at *3 (W.D. Mich. Aug. 14, 2019). And because Defendant is his half-sibling, the disclosure of either party would lead to the inevitable disclosure of the other. ECF No. 2, PageID.12.

The court is cognizant that the accusation of sexual misconduct can itself invite harassment and ridicule. *Doe v. Doe*, 649 F. Supp. 3d 136, 140 (E.D.N.C. 2023). But the public has an interest in the

3

openness of judicial proceedings; "if courts were to allow mutual pseudonymity in sexual assault-related libel or slander suits, then 'whole areas of the law could become difficult for the media and the public to monitor, outside the constrained accounts of the facts offered up by judges and lawyers.'" *Id.* at 141. Although Plaintiff credibly asserts that disclosure of the parties' names may mean that internet search results will associate them with this lawsuit and its potentially sensitive facts, that is not a factor unique to this particular Plaintiff justifying a departure from Rule 10. Other than the implied, and speculative, reputational damage to his law firm, Plaintiff does not assert a specific, individualized claim of potential retaliation or harassment. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("That a plaintiff may suffer embarrassment or economic harm is not enough."). The court finds it telling that Plaintiff failed to cite a single case in which a plaintiff in a defamation or libel action was allowed to proceed pseudonymously against an alleged victim of sexual assault. *See Roe v. Doe 1-11*, No. 20-CV-3788-MKB, 2020 U.S. Dist. LEXIS 195137, 2020 WL 6152174, at *6 (E.D.N.Y. Oct. 14, 2020) ("The Court finds it highly persuasive that Plaintiff fails to and is

4

unable to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault."); *DL v. JS*, No. 1:23-CV-1122-RP, 2023 U.S. Dist. LEXIS 208259, at *5 (W.D. Tex. Nov. 21, 2023) (same conclusion).

## II.   CONCLUSION

In sum, the court **DENIES** Plaintiff's motion to proceed under a pseudonym and for all parties to proceed using pseudonyms (ECF No. 2) **without prejudice**.  Plaintiff may file an amended complaint using the real names of the parties by December 5, 2025.  Or by December 5, 2025, Plaintiff may file a Rule 41 notice of dismissal.  Alternatively, Plaintiff may file a renewed motion to proceed under pseudonyms with authority for his preferred relief, and until resolution of that motion the December 5 deadline shall be stayed.  If Plaintiff fails to take any of these actions by December 5, 2025, the court will dismiss Plaintiff's claims without prejudice for failure to prosecute.

**SO ORDERED**.

Date: November 19, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge