## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN DOE, an individual, | |
| | Case No. 2:25-cv-13580 |
| *Plaintiff,* | |
| v. | Hon. F. Kay Behm |
| JANE DOE, an individual, | |
| *Defendant.* | |

## BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO PROCEED UNDER PSEUDONYMS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

FACTUAL BACKGROUND ...................................................................................1

ARGUMENT ...........................................................................................................2

   I.   Family Relationship Creates Unique Privacy Concerns .................................4

   II.  Professional Harms Beyond General Economic Concerns ...........................5

   III.   Allegations Involve Information "Of the Utmost Intimacy" ......................6

   IV.  Mutual Protection Serves Important Public Policies ...................................7

   V.  THE BALANCING ACT ...............................................................................7

   VI.   B. Mutual Pseudonymity Protects Both Parties — Including the Alleged Victim ...................................................................................................................8

CONCLUSION .......................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016)......................................................... 2, 3, 6, 7

*Doe v. Mich. State Univ.*, No. 1:19-CV-226, 2019 U.S. Dist. LEXIS 252361, 2019

    WL 13417783, at *1 (W.D. Mich. Aug. 14, 2019) .................................................9

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) ................................................ 3, 4, 5, 6

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) ......................................................8

*Grae v. Corr. Corp. of Am.*, 134 F.4th 927 (6th Cir. 2025)......................................7

*In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997)....................................................4, 5

*Koe v. Univ. Hosps. Health Sys.*, No. 22-3952, 2024 U.S. App. LEXIS 5695 (6th

    Cir. Mar. 8, 2024) .................................................................................................4

**Rules**

Fed. R. Civ. P. 10 ......................................................................................................2

Plaintiff John Doe respectfully submits this amended motion to proceed under pseudonyms pursuant to Federal Rule of Civil Procedure 10(a) and this Court's inherent authority to protect the privacy interests of litigants. This defamation action arises from false allegations of sexual assault made by Defendant Jane Doe, Plaintiff's half-sibling, concerning events allegedly occurring decades ago.

Given the highly sensitive nature of the allegations, the familial relationship between the parties, and Plaintiff's professional status as an attorney, Plaintiff seeks leave for both parties to proceed under pseudonyms.

## FACTUAL BACKGROUND

Plaintiff John Doe and Defendant Jane Doe are half-siblings who have known each other for over forty years. Plaintiff is a licensed attorney who owns and operates a nationwide law firm with a primary business address in Oakland County, Michigan. In late 2024, Defendant sought employment with Plaintiff's firm. Plaintiff engaged Defendant as a 1099 contractor to work with his firm's intake team, and the parties expanded their contractual relationship in January 2025. Concurrently, Plaintiff loaned Defendant $20,000, to be repaid in weekly installments of $650.

On November 3, 2025, Plaintiff terminated Defendant's contract for cause, ending their professional relationship. Shortly thereafter, Defendant informed Plaintiff that she could no longer repay the outstanding loan balance of approximately $17,000 and ceased making payments. On November 8, 2025,

Defendant contacted Plaintiff's former spouse and falsely alleged that Plaintiff had sexually assaulted her approximately thirty years prior when she was a minor. Plaintiff denies these allegations and asserts that Defendant knowingly made false and defamatory statements with the intent to harm his reputation.

Plaintiff filed this defamation action against Defendant on November 11, 2025, asserting claims for defamation per se and breach of contract. Due to the intimate and sensitive nature of the allegations, Plaintiff initially moved to proceed under pseudonyms to protect both parties' privacy interests. On November 19, 2025, the Court denied that motion without prejudice asking for case law in support of the relief sought "in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault." [ECF003].

The Court permitted Plaintiff to file an amended motion with appropriate legal authority by December 5, 2025.

## ARGUMENT

Federal Rule of Civil Procedure 10(a) establishes the general requirement that complaints must state the names of all parties. However, under certain circumstances, district courts may exercise their discretion to allow parties to proceed under pseudonyms by granting a protective order. Fed. R. Civ. P. 10; *D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016). This exception recognizes that in some cases,

a party's privacy interests may justify deviation from the presumption of openness in judicial proceedings.

In determining whether to grant a protective order allowing use of a pseudonym, district courts in the Sixth Circuit consider several key factors: whether the plaintiff is suing to challenge governmental activity; whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and whether the plaintiff is a child. *D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016).

These factors are <u>not</u> exhaustive, and courts may consider additional relevant circumstances when determining whether pseudonymous litigation is appropriate. The fundamental inquiry is "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). As the Sixth Circuit explained in *Doe v. Porter*, courts must carefully balance competing interests to determine when privacy concerns justify proceeding under a pseudonym. *Id.*

The Sixth Circuit has recognized that certain types of cases involving highly sensitive and personal information may warrant pseudonymous litigation. Examples include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Koe v. Univ.*

3

*Hosps. Health Sys.*, No. 22-3952, 2024 U.S. App. LEXIS 5695 (6th Cir. Mar. 8, 2024). While sexual assault allegations are not explicitly listed in this non-exhaustive catalog, they similarly involve information "of the utmost intimacy" that may justify pseudonymous proceedings in appropriate circumstances.

This case presents exceptional circumstances that warrant a departure from the presumption of open judicial proceedings. The Sixth Circuit has established that courts may excuse plaintiffs from identifying themselves when their privacy interests "substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004).

### I.        Family Relationship Creates Unique Privacy Concerns

The half-sibling relationship between the parties creates extraordinary privacy concerns that distinguish this case from typical defamation litigation. The familial connection means that identification of one party would inevitably lead to identification of the other, magnifying the privacy implications for both individuals.

Courts have recognized that protecting private dialogue between parties can promote important interests. *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997). While *In re Perrigo Co.* addressed attorney-client communications, the principle that certain relationships deserve heightened privacy protection applies to the family context as well.

Public disclosure would permanently damage family relationships beyond just the two parties directly involved in this litigation. The courts have acknowledged that in certain cases, a plaintiff's privacy interests may substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). This case presents such a scenario, where public exposure would irreparably harm not only the relationship between the half-siblings but potentially extend to their broader family network.

## II.        Professional Harms Beyond General Economic Concerns

As an attorney who owns a nationwide law firm, Plaintiff faces specific professional harms that go beyond general economic concerns. When evaluating requests for pseudonymous litigation, courts consider whether there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained.

The allegations would significantly impact Plaintiff's client relationships and ability to practice law effectively. Unlike typical economic concerns, these allegations directly threaten Plaintiff's fundamental ability to practice his profession. Courts recognize that when balancing interests, they must weigh "the importance of the privilege asserted against the defending party's need for the information." *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997).

The ethical and professional reputation concerns are unique to attorneys, whose practice depends entirely on trust and credibility. Public association with allegations of sexual assault of a minor would permanently taint Plaintiff's professional standing, regardless of the ultimate outcome of the litigation.

### III.        Allegations Involve Information "Of the Utmost Intimacy"

The allegations in this case clearly involve information "of the utmost intimacy" under the *Porter* factors. Courts consider "whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'" when determining whether to permit pseudonymous litigation. *D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016).

The inherently intimate nature of sexual assault allegations places this case squarely within the category of cases warranting special privacy protections. Courts have recognized that when litigation compels disclosure of intimate information, this factor weighs heavily in favor of allowing pseudonymous proceedings. *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004).

The fact that the allegations involve conduct that allegedly occurred when Defendant was a minor adds another layer of sensitivity. Courts specifically consider "whether the plaintiff is a child" as a factor in determining whether to grant protective orders allowing use of pseudonyms. *D.E. v. Doe*, 834 F.3d 723 (6th Cir.

2016). While neither party is currently a minor, the allegations concern events that allegedly occurred during Defendant's minority, implicating similar privacy concerns.

### IV.      Mutual Protection Serves Important Public Policies

This request seeks to protect _both_ parties' identities, creating a balanced approach that doesn't advantage either party. When both parties seek pseudonymity, the risk of unfairness to the opposing party—a factor courts consider—is significantly reduced. This mutual protection serves important public policies by allowing the parties to litigate their dispute without unnecessary public exposure of highly sensitive allegations.

### V.      THE BALANCING ACT

Even when compelling reasons exist to seal certain information, "the seal itself must be narrowly tailored to serve that reason." *Grae v. Corr. Corp. of Am.*, 134 F.4th 927 (6th Cir. 2025). The relief requested here is precisely such a narrowly tailored approach: only the parties' identities would be shielded from public disclosure; all court filings and proceedings would otherwise remain accessible to the public; and the parties would file their true identities under seal with the Court.

This approach preserves the public's interest in monitoring the judicial proceedings while protecting the most sensitive personal information—the identities of the parties. It addresses the Court's valid concern about creating precedent that

would allow "whole areas of the law to become difficult for the media and the public to monitor" by maintaining complete transparency about the legal issues, arguments, and judicial reasoning.

This case is distinguishable from situations where courts have denied pseudonymous status. While the Court correctly noted that it could not find precedent for allowing a plaintiff in a defamation action to proceed pseudonymously against an alleged victim of sexual assault, there is precedent for allowing pseudonymous litigation in cases involving similarly sensitive allegations. *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442 (S.D.N.Y. 2015). The unique combination of factors in this case—including the family relationship, the professional status of Plaintiff, and the mutual request for pseudonymity— distinguishes it from the cases cited by the Court.

## VI.    B. Mutual Pseudonymity Protects Both Parties — Including the Alleged Victim

This case presents a circumstance not addressed in the authorities cited by the Court: the parties are half-siblings. Disclosure of Plaintiff's identity necessarily reveals Defendant's identity, and vice versa. Thus, compelling Plaintiff to proceed under his real name would automatically expose Defendant — the alleged victim of sexual assault — to public scrutiny.

Courts have long recognized that victims of sexual assault are entitled to heightened privacy protections. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004);

*Doe v. Mich. State Univ.*, No. 1:19-cv-226, 2019 U.S. Dist. LEXIS 252361, at *3 (W.D. Mich. Aug. 14, 2019).

Here, Defendant is not the party seeking pseudonymity, but her privacy interests are directly implicated. If Plaintiff is forced to proceed under his real name, Defendant's identity as the alleged victim of sexual assault will be revealed to the public. This outcome undermines the very rationale courts use to allow pseudonymity in sexual assault cases — protecting victims from stigma, harassment, and retraumatization.

These risks are not speculative. They flow directly from the nature of the allegations and the familial relationship. Protecting Defendant's privacy is consistent with the Sixth Circuit's recognition that pseudonymity may be warranted where disclosure compels revelation of information of the utmost intimacy.

The Court's prior order noted the absence of precedent for pseudonymity in defamation suits. But this case is distinguishable: unlike a typical defamation action, the alleged victim's privacy is inseparably tied to Plaintiff's identity. Mutual pseudonymity is therefore necessary to protect both parties.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Honorable Court allow the case to proceed with both parties identifying under pseudonyms. Compelling Plaintiff to proceed under his real name would inevitably expose Defendant as the alleged

victim of sexual assault. Courts routinely protect victims in such cases, and the same rationale applies here. Mutual pseudonymity is the only way to safeguard both parties' privacy while preserving the public's access to the substance of the proceedings.

Dated: December 5, 2025                      Respectfully Submitted,

                                             /s/ Solomon M. Radner
                                             Solomon M. Radner (P73653)
                                             RADNER LAW GROUP PLLC
                                             ATTORNEY FOR PLAINTIFF
                                             17515 Nine Mile Road, Suite 1050
                                             Southfield, MI 48075
                                             Telephone: (877) 723-6375
                                             F: 866-571-1020
                                             solomon@radnerlawgroup.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on the 5th[th] day of December 2025, the foregoing document was filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Solomon Radner*
Solomon Radner, Esq.