UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,                                 Case No. 25-cv-13580

      Plaintiff,                       Hon. F. Kay Behm
v.                                     United States District Judge

JANE DOE,

      Defendant.
_____ /

**OPINION AND ORDER ON PLAINTIFF'S
RENEWED MOTION TO PROCEED UNDER PSEUDONYMS
(ECF No. 4)**

On November 11, 2025, "John Doe" (Plaintiff) filed a complaint against "Jane Doe" (Defendant) alleging defamation per se and breach of contract. ECF No. 1. On the same day, Plaintiff moved for leave for both parties to proceed under pseudonyms. ECF No. 2. Not convinced that Doe was entitled to that relief, the court denied his motion without prejudice. ECF No. 3. He now brings a renewed motion seeking the same relief, pursuant to the court's granting permission to do so. *See id.* at PageID.21; ECF No. 4 (renewed motion). For the reasons explained below, the motion is this time **DENIED** with prejudice.

**I.**      **Facts and Standard of Review**

1

For the sake of ensuring all relevant information appears in one place, the court first repeats its summary of the facts and the standard of review, though this same material appeared in largely the same manner in the court's prior order. *See* ECF No. 3.

Plaintiff and Defendant are half-siblings and have known each other for over forty years. Plaintiff owns a law firm that operates nationwide, with a primary business address in Oakland County, Michigan. The relationship between Plaintiff and Defendant deteriorated when Defendant allegedly failed to perform on a contract to work for Plaintiff, and defaulted on a personal loan. A few days after Plaintiff terminated the contract for Defendant to work for Plaintiff, Defendant called Plaintiff's former spouse and told her that 30 years ago, Plaintiff got Defendant drunk and sexually assaulted her. Plaintiff alleges that this statement by Defendant is false and defamatory.

Leave to proceed under pseudonyms is largely left to the discretion of the court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). There is generally a presumption of open judicial proceedings in the federal courts; proceeding pseudonymously is the exception rather than the rule. *Id.* Rule 10 of the Federal Rules of Civil Procedure

generally commands that the complaint state the names of all parties. In order to circumvent this requirement, it must be shown that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Porter*, 370 F.3d at 560. In balancing these considerations, the court may consider, among other factors, (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Porter*, 370 F.3d at 560; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005).

## II. Prior Analysis

The court made the following findings in its prior order. Here, neither of the parties are minors, neither is a government actor, and there is no allegation that disclosure will risk criminal prosecution via an intent to violate the law. Plaintiff argued that this case rests on the

3

second factor (and additional related considerations) because "[c]ourts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *See Doe v. Mich. State Univ.*, No. 1:19-cv-226, 2019 U.S. Dist. LEXIS 252361, at *3 (W.D. Mich. Aug. 14, 2019). And because Defendant is his half-sibling, the disclosure of either party's identity would lead to the inevitable disclosure of the other. ECF No. 2, PageID.12.

The court was and remains cognizant that the accusation of sexual misconduct can itself invite harassment and ridicule. *Doe v. Doe*, 649 F. Supp. 3d 136, 140 (E.D.N.C. 2023). But the public has an interest in the openness of judicial proceedings; "if courts were to allow mutual pseudonymity in sexual assault-related libel or slander suits, then 'whole areas of the law could become difficult for the media and the public to monitor, outside the constrained accounts of the facts offered up by judges and lawyers.'" *Id.* at 141. Although Plaintiff credibly asserted that disclosure of the parties' names in this case may mean that internet search results will associate them with this lawsuit and its potentially sensitive facts, the court found that was not a factor

4

unique to this particular Plaintiff justifying a departure from Rule 10. Other than the asserted reputational damage to his law firm by revelation of his name, Plaintiff did not assert a specific, individualized claim of potential retaliation or harassment. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("That a plaintiff may suffer embarrassment or economic harm is not enough."). The court found it telling that Plaintiff failed to cite a single case in which a plaintiff in a defamation or libel action was allowed to proceed pseudonymously against an alleged victim of sexual assault. *See Roe v. Doe 1-11*, No. 20-CV-3788-MKB, 2020 U.S. Dist. LEXIS 195137, 2020 WL 6152174, at *6 (E.D.N.Y. Oct. 14, 2020) ("The Court finds it highly persuasive that Plaintiff fails to and is unable to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault."); *DL v. JS*, No. 1:23-CV-1122-RP, 2023 U.S. Dist. LEXIS 208259, at *5 (W.D. Tex. Nov. 21, 2023) (same conclusion). However, aware that it ruled without the benefit of briefing from any other party, and that its own research may not have revealed the full spectrum of custom or practice on the subject in the U.S. district courts,

5

the court offered Plaintiff an opportunity to renew his motion with additional authority for his preferred relief. ECF No. 3, PageID.21.

## III. Renewed Motion

Plaintiff has now taken up the court's invitation to offer more facts and analysis in a renewed motion. ECF No. 4. The renewed motion focuses on the parties' half-sibling relationship, the alleged harm to Plaintiff's law practice, and the disclosure of intimate information. Plaintiff argues that because the identification of one party would "inevitably" lead to the identification of the other, the privacy implications for both individuals is heightened. He says that "the allegations would significantly impact Plaintiff's client relationships and ability to practice law effectively." ECF No. 4-1, PageID.34. He says "[t]he inherently intimate nature of sexual assault allegations places this case squarely within the category of cases warranting special privacy protections." ECF No. 4-1, PageID.35. He says the allegations involve acts while the parties were minors. ECF No. 4-1, PageID.35 (citing *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (district courts should consider "whether the plaintiff is a child"). And he says

6

he seeks to protect "*both* parties' identities," (emphasis his) which doesn't advantage either party in his view.

The court does not give great weight to Doe's argument that the allegations concern acts when he and Jane Doe were minors; by the terms of his complaint, both parties are well into adulthood; the privacy interests they had as minors are lessened some decades later. Admittedly, some cases (though not any identified by Plaintiff) find that plaintiffs may proceed under pseudonyms "when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred." *Cara v. Salley*, No. 2:23-cv-00803-LK, 2023 U.S. Dist. LEXIS 199161, 2023 WL 7301238, at *3 (W.D. Wash. Nov. 6, 2023) (collecting cases).  But those cases are distinguishable from the Plaintiff here, who is not alleging sexual assault but instead is alleging a defamatory statement concerning an alleged sexual assault.  There are also other available methods for protecting particularly sensitive information disclosed in discovery prior to the time that evidence might have to be brought forward publicly and to prevent its public disclosure.  *See* Fed. R. Civ. P. 26(c); LR 5.2.

More importantly, Plaintiff's renewed motion does not cure the prior motion's primary deficiency: the failure to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault.[1] As to the mutuality of protection afforded by the anonymity of half-siblings, and Plaintiff's assertion that *he* must remain anonymous in order to protect *Defendant*'s anonymity, the court is skeptical that Plaintiff has standing to assert the need to proceed anonymously on behalf of Defendant. It is, after all, not clear that Defendant would want to proceed anonymously in this case.[2]

---

[1] Plaintiff brings forward one new citation, claiming: "there is precedent for allowing pseudonymous litigation in cases involving similarly sensitive allegations." ECF No. 4-1, PageID.37 (citing *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442 (S.D.N.Y. 2015)). To be frank, the court is not sure what the intended relevance of *Salinas* was. *Salinas* is an FLSA case having to do with restaurant wages, no party proceeded under a pseudonym, and the opinion says nothing about sexual abuse, sensitive allegations, or even the need to file material under seal.

[2] Because the Clerk's office has not issued the summons and informed the court the summons will not issue until there is either a named defendant or the court orders issuance of the summons for a Jane Doe defendant, Defendant has not appeared and has not weighed in on this motion. *But compare Doe v. Roe*, Civil Action No. 25-2978, 2025 LX 498019, 2025 WL 2651241, at *6-7 (D.D.C. Sep. 16, 2025) (allowing a Jane Doe suing for sexual assault to assert anonymity on behalf of the accused defendant, and noting "Plaintiffs' motion on behalf of Roe is a novel approach and, if he so chooses, Roe may subsequently move to remove his pseudonym.").

Nor is this allegedly mutual protection as clear-cut as Plaintiff would have it. Several courts have reasoned just the opposite – that permitting a plaintiff suing for defamation regarding an alleged sexual assault to proceed under a pseudonym "would be fundamentally *unfair*" (emphasis added) because a John Doe plaintiff would be able "to 'clear his name' and wield a potential judgement against Jane Doe to his advantage but hide under a shield of anonymity if unsuccessful." *Doe v. Doe*, 649 F. Supp. 3d 136, 141 (E.D.N.C. 2023); *DL v. JS*, No. 1:23-CV-1122-RP, 2023 U.S. Dist. LEXIS 208259, at *9 (W.D. Tex. Nov. 21, 2023) (quoting *Doe*, 649 F. Supp. 3d at 141). Plaintiff does not attempt to engage with those decisions even though the court cited them in its prior order. *See Doe v. Doe*, No. 25-cv-13580, 2025 LX 508752, 2025 WL 3231577, at *3-4 (E.D. Mich. Nov. 19, 2025). After opportunity to reflect further on that reasoning, this court agrees. As the Fourth Circuit put it in similar circumstances, Doe "wants the option to hide behind a shield of anonymity in the event he is unsuccessful in proving his claim, but he would surely identify himself if he were to prove his claims." *Doe v. Doe*, 85 F.4th 206, 217-18 (4th Cir. 2023) ("[W]e fail to see how Appellant can clear his name through this lawsuit without identifying

9

himself. If Appellant were successful in proving defamation, his use of a pseudonym would prevent him from having an order that publicly 'clears' him."). Similarly, although John Doe here argues that these allegations will significantly impact his client relationships and his ability to practice law, it is hard to see how he could repair those relationships without an order clearing his name. To the extent he seems to wish to avoid the inherent publicity of a lawsuit and possibly bring about those harms in the first place, the public's substantial interest in open judicial proceedings outweighs his interest in a closed-door lawsuit.[3] "If Plaintiff wishes to pursue monetary damages against Defendant, he must be willing to do so publicly." *DL v. JS*, 2023 U.S. Dist. LEXIS 208259, at *9.

---

[3] Perhaps one of the better arguments to allow Plaintiff to proceed pseudonymously is that, assuming publication of the defamatory statement was only to his ex-spouse (ECF No. 1, PageID.3), then this matter could perhaps be resolved without increasing the damages from his defamation claim to include all parties who may learn of this lawsuit, and even a pseudonymous court order clearing Doe's name would likely be sufficient to satisfy those few individuals with personal knowledge that the order refers to him. But if that were the case and the defamatory publication was limited to his ex-spouse, and Plaintiff seeks to limit damages in this way, the court questions whether Plaintiff can also in good faith claim this matter exceeds the jurisdictional threshold of $75,000 for diversity jurisdiction. *See id.* at PageID.3-4 (not alleging any particular damages amount or minimum as to defamation); *id.* at PageID.5 (balance owed Plaintiff on breach of contract claim is $17,000). Reading his complaint broadly to include publication to many more parties than just his ex-spouse, the court is satisfied for the moment that he in good faith seeks more than $75,000, but notes the possible issue here.

## IV. Conclusion

Therefore, the court **DENIES** Plaintiff's second motion to proceed under a pseudonym and for all parties to proceed using pseudonyms (ECF No. 4). Plaintiff may file an amended complaint using his real name by January 20, 2026. Or by January 20, 2026, Plaintiff may file a Rule 41 notice of dismissal. If Plaintiff fails to take either of these actions by January 20, 2026, the court will dismiss Plaintiff's claims without prejudice for failure to prosecute.

**SO ORDERED**.

Date: January 5, 2026                           s/F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge